UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVI AVIDAN and ALDON INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL BECKER and MICHAEL BECKER FINANCIAL CO., LLP, <br><br> Defendants. | 11-CV-3462 <br><br> OPINION |

This matter comes before the Court on Defendants Michael Becker and Michael Becker Financial Co., LLC's ("MBFC") motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court will **deny the motion in part and grant it in part.**

I.   **Factual and Procedural Background**

Plaintiff Aldon Inc. ("Aldon") is a New Jersey corporation. Plaintiff Avi Avidan is a New Jersey resident and is the Chief Executive Officer of Aldon. Defendant MBFC is a Florida corporation. Mr. Becker is a Florida resident and is the managing member of MBFC.

In 2004, Mr. Becker contacted his friend, Mr. Avidan, and asked for a loan to fund the operations of MBFC. On December 6, 2004, Mr. Avidan and Mr. Becker executed a document entitled "LOAN AGREEMENT AND PROMISSORY NOTE" that memorialized the loan (the "December 6th Agreement"), which was for $100,000. The December 6th Agreement identifies the borrower as "Michael Becker", although at the end of the document Mr. Becker's signature line also includes the name of his company, MBFC. The December 6th Agreement also identifies the lender as Aldon. As per the terms of the December 6th Agreement, the loan was subject to an 18% annual interest rate, and the borrower was to make monthly payments of $1500 commencing one month after execution of the agreement. The agreement also provides that a default that is not cured within 15 days after receipt of notice from the lender would constitute a material breach of the agreement.

1

On January 5, 2005, Mr. Becker requested a second loan. This loan was also for $100,000 and was also memorialized (the "January 5th Agreement"). In all respects pertinent to this case, the January 5th Agreement was identical to the December 6th Agreement with the exception that the January 5th Agreement identified the borrower as "MBFC (Michael Becker) LLC" but the signature line at the end of the document does not include MBFC.

The parties executed a third loan for $100,000 on March 8, 2005 (the "March 8th Agreement"), again with identical terms. The March 8th Agreement identifies the borrower as "Michael Becker LLC" but again, only Mr. Becker's name appears on the signature line. Finally, on July 5, 2005, the parties executed a fourth loan, this time for $200,000 (the "July 5th Agreement"). The July 5th Agreement identifies the borrower as "MBFC Michael Becker" but only Mr. Becker's name appears on the signature line.

Plaintiffs also allege that Mr. Becker personally guaranteed repayment of all of the loans. Sometime thereafter, Defendants failed to comply with the terms of the loan agreements. On February 1, 2010, counsel for Plaintiffs mailed a notice of default to Mr. Becker and made a demand for full repayment of the entire outstanding balance of each loan. Defendants have failed to make any repayment since that time. Plaintiffs thereafter filed this action, alleging claims for breaches of the loan agreements, promissory estoppel, breaches of the implied covenants of good faith and fair dealing, and fraud. According to the allegations of the complaint, Defendants owed $1,014,516.38 at the time of the initiation of this action, including compounded interest. On October 27, 2011, Defendants filed this motion to dismiss.

## II.    Legal Analysis

### A. Motion to Dismiss Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

In deciding a motion to dismiss, the Court may also take judicial notice of certain documents without converting the motion to one for summary judgment under Federal Rule of Civil Procedure 56. Because the loan agreements are central to Plaintiffs' claims, referenced in – and attached to – the complaint, and of undisputed veracity, this Court can properly take judicial notice of them. *See, e.g., SGS U.S. Testing Co., Inc. v. Takata Corp.*, No. 09-CV-6007, 2010 WL 3035742, at *3 n.2 (D.N.J. Aug. 3, 2010).

### B. Breach of Contract Claims Against Mr. Becker

First, Defendants argue that the Court must dismiss all breach of contract claims against Mr. Becker because Mr. Becker, in his individual capacity, is not a party to any of the four agreements. Defendants argue that although the December 6th Agreement lists Mr. Becker as the borrower, the signature line clearly establishes that Mr. Becker signed the agreement on behalf of MBFC. Defendants also argue that the three subsequent agreements all clearly indicate that MBFC, rather than Mr. Becker, is the borrower.

The Court is not persuaded. "The fundamental rule in construing contracts calls for the ascertainment of the intention of the parties in the light not only of the language used but also of the surrounding circumstances and the objects sought to be attained by them under their agreement." *Great Atlantic & Pacific Tea Co., Inc. v. Checcio*, 762 A.2d 1057, 1061 (N.J. Super. A.D. 2000)(citations omitted). Here, each of the four loan agreements is subject to at least two reasonable interpretations: either Mr. Becker is a borrower or he is not. It is reasonably clear that Mr. Becker is a borrower under the December 6th Agreement based solely on the terms of that agreement. It is less clear that he is a borrower under the three subsequent agreements because the name of the identified borrower is neither precisely "Michael Becker" nor "MBFC" nor does Mr. Becker clearly sign any of the three documents solely on behalf of MBFC. In light of this ambiguity, it is fair for the Court to consider the circumstances surrounding the contracts. And in light of the allegations of the complaint, the Court could reasonably infer that the parties intended that both Mr. Becker and MBFC would be bound to the agreements. Because the Court is assessing a motion to dismiss under Rule 12(b)(6), it must

3

draw this inference in the light most favorable to the Plaintiffs and hold that the complaint adequately alleges facts that, if proven, could show that Mr. Becker is a party to the loan agreements. Thus, the Court will deny Defendants' motion on this point.

### C. Breach of Contract Claims Against MBFC

Second, Defendants argue that the Court must dismiss all breach of contract claims against MBFC because Plaintiffs failed to comply with the notice provisions of the loan agreements. Defendants concede that Plaintiffs notified Mr. Becker of the default and made a demand for repayment, but they argue that notice to Mr. Becker does not constitute notice to MBFC.

This argument also fails. Defendants are correct that the February 1, 2010 notice is not addressed to MBFC nor does it mention MBFC, but that hardly means that notice to Mr. Becker was insufficient to provide notice to MBFC. First, the December 6th Agreement specifically indicates that notice of default must be sent to "3300 NE 192nd Street[,] Aventura[,] FL 33180" – the exact address to which Plaintiffs mailed the February 1, 2010 notice. And Second, Mr. Becker apparently signed at least some of the loan agreements not only on his own behalf but on behalf of MBFC. Thus, there are sufficient factual allegations that, if proven, could show that the parties intended that notice on Mr. Becker would serve as notice on MBFC.[1] As such, the Court will deny Defendants' motion on this point as well.

### D. Claims for Promissory Estoppel and Breach of the Implied Covenants of Good Faith and Fair Dealing

Third, Defendants argue that the complaint fails to allege facts supporting the conclusion that Defendants acted in bad faith. While bad faith is not an element of a cause of action for promissory estoppel, *see, e.g.*, *East Orange Bd. of Educ. v. New Jersey Schools Const. Corp.*, 963 A.2d 865, 874-75 (N.J. Super. A.D. 2009) (listing elements of cause of action for promissory estoppel); it *is* a necessary element of a cause of action for breach of the implied covenant of good faith and fair dealing. *See, e.g.*, *Seidenberg v. Summit Bank*, 791 A.2d 1068, 1079 (N.J. Super. A.D. 2002). Here, the allegations are too bare to support a finding of bad faith and are thus insufficient to state a claim for breach of the implied covenant.

Plaintiffs argue that the court may infer Defendants' bad faith by the Defendants failure to repay the loan amounts. Plaintiffs further argue that

---

[1] Even aside from the intentions of the parties, it also appears that the Court could impute notice on Mr. Becker to MBFC as a matter of law because he was the managing partner and he possessed – and exercised – the authority to bind MBFC to the loan agreements. *See, e.g.*, *Yeo & Yeo, P.C. v. HP/Management Group, Inc.*, No. 03-40340, 2009 WL 4042971, at *4 (E.D. Mich. Nov. 20, 2009) ("[N]otice to an agent of a corporation relating to any matter of which the agent has the management and control is notice to the corporation.")(quoting Fletcher Cyc. Corp. § 790).

discovery may provide factual material sufficient to show that Defendants never made a good faith attempt to repay the loans and had no intention of doing so. But what discovery may show is not at issue here. The complaint does not provide *any* factual allegations suggesting that Defendants acted in bad faith. And the Court cannot infer that mere failure to repay the loans is sufficient to constitute bad faith – if such were the case, every borrower who ever defaulted on a loan agreement would be liable for breach of the implied covenant, a ridiculous result.

Thus, the Court will deny Defendants' motion as to Plaintiffs' claims for promissory estoppel, but the Court will dismiss Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing.

### E. Fraud Claims

Finally, Defendants argue that Plaintiffs' fraud allegations fail to meet the heightened pleading standard of Federal Rule of Evidence 9(b).[2] Here, Defendants are correct. Pursuant to Rule 9(b), the party alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." *Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir. 2004). The complaint fails to meet this burden because it contains no allegations establishing the date, time, or place of the alleged fraud or that otherwise substantiates the fraud allegations. *See id.* at 224.

Again, Plaintiffs invite the Court to *infer* fraudulent intent and the necessary allegations, but there are limits to the inferences the Court may draw. As with Plaintiffs' allegations of bad faith, the Court cannot allow Plaintiffs to proceed to discovery based solely on legal conclusions that are not supported by specific factual allegations. This is especially true for claims falling under the heightened pleading requirement of Rule 9(b).

### III. Conclusion

For the foregoing reasons, the will Court dismiss Plaintiffs' claims for fraud and breach of the implied covenant of good faith and fair dealing and otherwise deny the motion. And because these dismissals are based on a failure to allege specific facts, the Court will dismiss the claims without prejudice and grant

---

[2] The heightened pleading standard applies to claims for fraud arising under state law when a federal district court has diversity jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 200-02 (3d Cir. 2007) (affirming dismissal of common law fraud claim arising under New Jersey law where allegations failed to meet heightened pleading standard of Rule 9(b)).

Plaintiffs leave to amend to address these specific deficiencies. *See Alston v. Parker*, 363 F.3d 229, 236-37 (3d Cir. 2004).

    /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**